COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-404-CV

 

 

BOB CLIFTON, INDIVIDUALLY                                                APPELLANT

AND
D/B/A WATCHDOG

SOCIETY
OF DENTON

 

                                                   V.

 

MARK A. BURROUGHS                                                           APPELLEE

 

                                              ------------

 

             FROM
THE 16TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Bob Clifton,
individually and D/B/A Watchdog Society of Denton, attempts to appeal from (1)
an order granting summary judgment in favor of Appellee Mark A. Burroughs, (2)
an order denying Clifton=s plea to
the jurisdiction and special exceptions, and (3) an order granting Burroughs=s motion to compel.  Burroughs,
however, filed a motion to dismiss Clifton=s appeal, claiming that this court is without jurisdiction to
entertain an appeal from any of the three orders.  We will dismiss the appeal for want of
jurisdiction.

When there has not been a
conventional trial on the merits, an order or judgment is not final for the
purposes of appeal unless it actually disposes of every pending claim and party
or unless it clearly and unequivocally states that it finally disposes of all
claims and all parties.  Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). 








Here, Burroughs alleged in
his first amended petition that Clifton violated numerous sections of chapters
252, 253, and 254 of the Texas Election Code. 
As part of his APlea to the
Jurisdiction, General Denial, Special Exceptions, Counter-claim, and Request
for Disclosure,@ Clifton
alleged the following counterclaims against Burroughs:  false and malicious statements, malicious
prosecution, abuse of process, intentional infliction of emotional distress,
and tortious interference with contract. 
Burroughs successfully moved for summary judgment on each of Clifton=s counterclaims, but he did not move for summary judgment on any of
his own claims against Clifton.  Indeed,
the trial court=s order
granting Burroughs=s motion for
summary judgment specifically states that Aall Counterclaims made by [Clifton], . . . against [Burroughs],
. . . are hereby DISMISSED in their entirety.@  [Emphasis added.]  The trial court has not entered a severance
order in this case.  Because the trial
court granted Burroughs summary judgment on Clifton=s counterclaims only, Burroughs=s claims against Clifton remain pending.  Consequently, the order granting Burroughs=s motion for summary judgment is not a final, appealable order.  See Lehmann, 39 S.W.3d at 205.  We therefore lack jurisdiction over Clifton=s appeal from the order.

Section 51.014(8) of the
civil practice and remedies code provides that a person may appeal from an
interlocutory order that grants or denies a plea to the jurisdiction by a Agovernmental unit@ as that term is defined in section 101.001.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon 2008).  AGovernmental unit@ is defined in part as Athis state and all the several agencies of government that
collectively constitute the government of this state,@ a political subdivision of this state, an emergency service
organization, and Aany other
institution, agency, or organ of government the status and authority of which
are derived from the Constitution of Texas or from laws passed by the
legislature under the constitution.@  See id. ' 101.001(3) (Vernon 2005). 
Clifton is not a Agovernmental
unit@ as that term is defined. 
Therefore, we do not have jurisdiction over Clifton=s appeal from the trial court=s order denying his plea to the jurisdiction.








The trial court=s order granting Burroughs=s motion to compel orders Clifton to Aappear for oral deposition@ at a certain time and place. 
An order granting a motion to compel discovery is a non-appealable,
interlocutory order.  See Jack B.
Anglin Co. Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see also
Christensen v. Christensen, No. 04-07-00118-CV, 2007 WL 2935560, at *1
(Tex. App.CSan Antonio
Oct. 10, 2007, no pet.) (mem. op.).  Nor
is it an appealable interlocutory order as provided by the civil practice and
remedies code.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 15.003(b) (Vernon Supp. 2008), ' 51.014 (Vernon 2008), ' 171.098 (Vernon 2005).  We
therefore lack jurisdiction over Clifton=s appeal of the trial court=s order granting Burroughs=s motion to compel.

Having determined that we
lack jurisdiction over Clifton=s appeal from the trial court=s order granting Burroughs=s motion for summary judgement, Clifton=s appeal from the trial court=s order denying his plea to the jurisdiction, and Clifton=s appeal from the trial court=s order granting Burroughs=s motion to compel, we dismiss Clifton=s appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a).

PER CURIAM

PANEL: 
HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
December 23, 2008   











[1]See Tex.
R. App. P. 47.4.